UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>     Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>     Defendant. | Case No. 1:20-cv-00108-BLW<br><br>**SUCCESSIVE REVIEW ORDER<br>BY SCREENING JUDGE** |

In the Initial Review Order, the Court notified Plaintiff Anthony L. Cavallero that it appeared his claims were barred by the statute of limitations. (Dkt. 7.) He was provided with the standard of law to show timeliness, equitable tolling, or equitable estoppel. He has filed a proposed Amended Complaint, which the Court now reviews. (Dkt. 8-1.)

### REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff alleges that, on June 9, 2014, he was arrested for assault on an officer and taken to court by Ada County Sheriff's Office deputies. During his transport from the prison to the courthouse, the deputies broke his wrist during handcuffing. Plaintiff

suffers from continuing pain and injury resulting from the incident. He seeks damages of $10 million from the state of Idaho. (Dkt. 3, p. 2.) He seeks compensatory damages from the state of Idaho.

## 2. Discussion of Claims against the State of Idaho

The Court previously informed Plaintiff that he could not bring a suit for damages against the state of Idaho in federal court because of Eleventh Amendment sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). Plaintiff was informed that the proper defendants are those individuals who caused him harm. He asserts that he does not know the names of the deputies, and that the Clerk of Court can subpoena the offending deputies if the Court so desires, but he will continue in his quest to sue the state, because it is his custodian. Because Plaintiff did not cure this pleading error, his case is subject to dismissal.

## 3. Discussion of Statute of Limitations Issue

### A. *Standards of Law*

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for personal injury. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

In general, the statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged, or declared invalid, because a § 1983 cause of action does not arise until the declaration of invalidity has been achieved. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Case law is mixed as to whether a plaintiff who had completed his sentence can pursue a civil rights claim that otherwise would have been barred by *Heck v Humphrey*. *See Cohen v. Longshore*, 621 F.3d at 1315-16 (10th Cir. 2010) (citing cases from the First, Third, Fifth, and Eighth Circuits holding that the *Heck* favorable-termination requirement prevents § 1983 claims for damages even when brought by petitioners whose release from custody has made habeas relief unavailable,"

as well as cases that "have reached the opposite conclusion" from the Second, Fourth, Sixth, Seventh, Ninth (*Nonnette v. Small*, *infra*), and Eleventh Circuits). The United States Court of Appeals for the Tenth Circuit agreed with the Ninth , holding that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Cohen*, 621 F.3d at 1317.

As for diligence, a released convicted felon who can continue to pursue an ongoing challenge to a conviction in a habeas corpus action, *see Spencer v. Kemna*, 523 U.S. 1 (1998), must do so. In such case, the plaintiff's federal statute of limitations does not begin until the conviction has been invalidated.[1] On the other hand, if, after release, a plaintiff desires to bring a civil rights claim that challenges a past sentence attached to a conviction that has not been invalidated, he may do so. S*ee Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002). However, the statute of limitations for causes of action arising from a conviction that has not been invalidated will not be tolled or extended, as

---

[1] Examples of "invalidating a conviction" include the following. In *Stoll v. County of Kern*, No. 1105CV-01059, 2007 WL 2815032 (E.D. Cal. Sept. 25, 2007), the federal district court determined that lack of a timely arraignment, which could be cause to overturn the plaintiff's conviction, implicated the *Heck v. Humphrey* rule—but the *Heck* rule was satisfied by the prior granting of a habeas corpus petition; therefore, the statute of limitations ran from that date, rather than the date the plaintiff knew the state failed to arraign him 21 years earlier. *Id*. at *3.

In *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), the United States Court of Appeals for the Seventh Circuit held that the plaintiff's statute of limitations began to run not on the earlier date of his release from prison, but from the governor's later issuance of a pardon exonerating him of the criminal conviction. *Id*. at 420 (emphasis in original). *See also Stoll v. County of Kern*, No. 1105CV-01059, 2007 WL 2815032 (E.D. Cal. Sept. 25, 2007).

when a plaintiff takes the time to invalidate his conviction by pursuing a collateral review

action, s*ee Heck v. Humphrey*, 512 U.S. at 489, before pursuing a civil rights lawsuit.

The law governing the statute of limitations calculation for claims of lack of due

process in pretrial criminal proceedings, such as arraignments, is slightly different—

depending on whether the plaintiff's claim calls into question the validity of a criminal

conviction. That is, "[r]eflective of the fact that false imprisonment consists of detention

without legal process, a false imprisonment ends once the victim becomes held pursuant

to such process—when, for example, he is bound over by a magistrate or arraigned on

charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). However, when a plaintiff asserts

in a civil rights action that a defendant's actions in an arraignment *resulted in an unlawful*

*conviction*, "a § 1983 suit is not the proper vehicle through which to mount what is

essentially a collateral challenge to the validity of his federal criminal conviction,"

because of the *Heck v. Humphrey* bar. *Valencia v. Weis*, No. 318CV01261WQHNLS,

2018 WL 4489321, at *3 (S.D. Cal. Sept. 19, 2018), *aff'd*, 776 F. App'x 510 (9th Cir.

2019. *Accord*, *Forthoffer v. Fore*, No. 3:17-CV-00235-TMB, 2019 WL 4867390, at *3

(D. Alaska Jan. 3, 2019) (Plaintiff's claims against Fore asserting that Fore lied in an

affidavit used to support her arrest, arraignment, and ultimately the charges that "became

case 3PA-13-00509CR," and that Fore similarly lied in later grand jury testimony were

barred by *Heck*.).

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

4.  **Discussion**

Because Plaintiff's injuries occurred in 2014, and he did not file his action until 2020, the Court concludes that this action was filed beyond the two-year statute of limitations. Plaintiff has not alleged that the handcuffing incident was related to the circumstances of the crime; therefore, *Heck v. Humphrey* would not apply to toll or extend the statute of limitations. Rather, Plaintiff knew of his injury and the cause of his injury in 2014; hence, his lawsuit should have been filed no later than 2016.

Plaintiff has filed a "Motion to Waive of Statute of Limitations. (Dkt. 8.) In his motion, he asserts that he has a mental disability and just recently learned he could sue as a prisoner. He has provided no supporting documentation to show that he is mentally disabled such that he could not previously has filed a lawsuit. In fact, his statement tends to show that it was not his mental disability, but his lack of diligence in trying to determine whether he could file a lawsuit shortly after the incident occurred that is the reason for his late filing.

In any event, the only two equitable grounds for tolling in Idaho are a person's minority or insanity. While Petitioner asserts that he is mentally disabled, he has not provided any facts showing that he was insane during the time when the statute of limitations was running. The Idaho Supreme Court has warned: "the courts in this state are constrained from engrafting a discovery procedure on [Idaho statutes of limitation] by the maxim that, 'statutes of limitations in Idaho are not tolled by judicial construction but

rather by the expressed language of the statute.'" *McCuskey v. Canyon County Com'rs*, 912 P.2d 100, 105 (Idaho 1996) (internal citation omitted)). This Court must apply Idaho law to the tolling issue.

The Court concludes that Plaintiff's Complaint is untimely, and that he has not provided adequate grounds to show that the untimeliness should be excused. Petitioner has provided insufficient evidence to show that he has a "mental disability" that prevented him from filing his lawsuit in time. Neither has he shown that he exercised diligence in determining whether he could file a lawsuit while imprisoned, notwithstanding the fact that every prison has a "legal resource center" and a set of forms with civil rights complaints and instructions provided to the prisons by the federal court pro se program. Accordingly, this entire action will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Waive the Statute of Limitations (Dkt. 9) is DENIED.

2. Plaintiff's Motion to Amend/Correct Complaint (Dkt. 8) is DENIED.

3. This entire case is DISMISSED with prejudice.

4. Plaintiff is issued a strike under 28 U.S.C. § 1915(g) for fail to state a claim upon which relief can be granted. *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015).

DATED: October 9, 2020

B. Lynn Winmill
U.S. District Court Judge